**YU QING WENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2583–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Koston Hui Feng, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Senior Litigation Counsel, Margaret Kuehne Taylor, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Petitioner Yu Qing Weng, a native and citizen of China, seeks review of the May 17, 2007 order of the BIA affirming the December 13, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Qing Weng*, No. A98 720 464 (B.I.A. May 17, 2007), *aff'g* No. A98 720 464 (Immig. Ct. N.Y. City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to fact. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Here, the agency's adverse credibility determination was supported by substantial evidence. In support of that determination, the IJ noted that while Weng testified that the authorities went to his home in March 2002 and then forced his wife to have an IUD inserted, his wife's letter stated that the IUD insertion occurred in May 2002 and she never mentioned that the authorities went to their home.[2] Similarly, both the IJ and the BIA noted that although Weng testified that his son was

born in January 2002, his asylum application stated that his son was born in February 2002.

Weng argues that such inconsistencies were too minor to support an adverse credibility determination. However, taken together, the agency reasonably relied on these discrepancies where they called into question whether or not Weng's wife ever experienced any form of mistreatment, particularly in the form of a forced abortion or IUD insertion. 8 U.S.C. § 1158(b)(1)(B)(iii); *Secaida–Rosales*, 331 F.3d at 308–09.

The IJ also based his adverse credibility determination on his observation of Weng's demeanor during his testimony, specifically noting instances where Weng was hesitant and unresponsive to the specific questions that were asked. We accord particular deference to such findings. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005)

In light of the agency's reasonable inconsistency and demeanor findings, its adverse credibility determination was supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Because Weng was found not credible, he failed to show the necessary subjective basis for a well-founded fear of future persecution, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir.2004), and the agency's denial of asylum was proper. 8 U.S.C. § 1101(a)(42). In addition, because Weng's application for withholding of removal and CAT relief was based on the same factual predicate as his asylum claim, the adverse credibility determination necessarily precludes success on those claims. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006) (withholding); *Xue Hong*

---

**2.** When asked to clarify this discrepancy, Weng simply urged the IJ to credit his testimony over his wife's letter. The IJ was not

required to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

*Yang v. U.S. Dept. of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.